IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JUAN P. McLENDON,

    Petitioner,

vs.

JOSE VASQUEZ, Warden;
Mr. COUGLIN, Health Services
Administrator, and FRANK ADAIR, MLP
of Health Services,

    Respondents.

CIVIL ACTION NO.: CV206-280

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan P. McLendon ("McLendon"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, McLendon filed a Traverse, and Respondent filed a Supplemental Response. For the reasons which follow, McLendon's petition should be **DISMISSED**.

### STATEMENT OF THE CASE

McLendon is currently serving a 235 month sentence at FCI Jesup, imposed by the United States District Court for the District of Columbia after he was convicted of unlawful use of a communication facility, unlawful distribution of five grams or more of cocaine base, two counts of unlawful distribution of cocaine base within 1000 feet of school, distribution of 50 grams or more of cocaine base, and possession of cocaine. In the instant petition, McLendon contends that he is being deprived of adequate medical

AO 72A
(Rev. 8/82)

treatment by officials at FCI Jesup. Respondent avers that McLendon failed to exhaust his administrative remedies on this matter. Respondent further avers that McLendon's claim of inadequate medical treatment is not properly addressed by a habeas corpus petition because McLendon challenges the conditions, rather than the duration, of his confinement.

## DISCUSSION AND CITATION OF AUTHORITY

A writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions that a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. U.S., 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing Presier v. Rodriguez, 411 U.S. 475, 504, 93 S. Ct. 1827, 1843-44, 36 L. Ed. 2d 439 (1973) and Bell v. Wolfish, 441 U.S. 520, 527, n.6, 99 S. Ct. 1861, 1868 n.6, 60 L. Ed. 2d 447 (1979)).

Petitioner contends that his Eighth Amendment claim is cognizable in a petition for writ of habeas corpus because the alleged deprivation of medical treatment is "currently continuing." (Doc. No. 1, p. 5). Indeed, Plaintiff cites two cases from district courts within the Eighth Circuit wherein the courts recognized the ability of a prisoner to seek habeas relief on a conditions of confinement claim. See Ramsey v. Ciccone, 310

F. Supp. 600, 605-606 (W.D. Mo. 1970) ("In the modern view habeas corpus will be to correct unconstitutional [current] conditions of confinement"); Ayers v. Ciccone, 300 F. Supp. 568, 572-573 (W.D. Mo. 1968) (inmate's claim as to the adequacy of his medical treatment is "cognizable in habeas corpus if the method and type of treatment and administration is currently continuing").  The Eleventh Circuit has recognized that in the absence of a ruling of the Supreme Court on this issue, the circuits are not in complete agreement as to whether certain constitutional violations may be presented by habeas corpus petitions:

> Some authorities do not permit such claims to be asserted in a habeas corpus action. Lee v. Winston, 717 F.2d 888, 893 (4th Cir. 1983) (claim to enjoin surgery is not cognizable as a petition for writ of habeas corpus); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (the writ of habeas corpus is limited to attacks on either the legality or the duration of confinement); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (medical treatment claim is not cognizable in a federal habeas proceeding); United States, ex. rel. Broadnax v. DeRobertis, 565 F. Supp. 327 (N.D. Ill. 1983). But cf. Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (prisoners alleging substantial constitutional violations may seek writs of habeas corpus to challenge conditions of confinement).

Gomez, 899 F.2d at 1126.  The Eleventh Circuit went on to hold in Gomez that the inmate's Eighth Amendment claims, even if proven, would entitle him only to a correction of the unconstitutional conditions, not a release from custody.  Id.  Thus, whatever the state of the law on this issue may be in the Eighth Circuit or in any other jurisdiction, the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus.  Instead, it is a discontinuance of the improper practice or correction of the conditions.  Id. at 1127.

As Petitioner readily admits, his contentions in this case are claims that the conditions, as opposed to the validity, of his confinement are unconstitutional.  Thus, a

favorable decision by this Court would not result in his release from custody. Even if certain conditions of Petitioner's confinement have violated his constitutional rights, a habeas corpus action is not the proper remedy in this Circuit. Should Petitioner wish to assert a civil rights claim based on alleged violations of the Eighth Amendment, he must assert those claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not in a habeas corpus petition. Accordingly, the Court finds that Petitioner is not entitled to habeas corpus relief. It is unnecessary to address any further contentions of the parties.[1]

---

[1] Respondent's contention that McLendon failed to exhaust his administrative remedies is moot if the petition is to be dismissed as an inappropriate vehicle for the relief sought. However, the Court notes that the exhaustion requirement appears to have not been met by Petitioner, and would thus be an additional bar to his claim whether it is set forth in a habeas petition or in a civil rights complaint.

"[P]risoners seeking habeas relief, including relief pursuant to § 2241," must exhaust all available administrative remedies. <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir. 2004). Furthermore, 42 USC § 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

It appears that McLendon did not exhaust all available administrative remedies before filing the instant petition. Though the BOP's records indicate that McLendon filed a grievance "requesting medication" on November 28, 2006, it was filed only *after* McLendon sought redress in this Court by way of his November 16, 2006 petition. The exhaustion of all available administrative remedies must occur *before* redress is sought in this Court. See <u>Skinner</u>, 355 F.3d at 1295. Failure to exhaust available administrative remedies before seeking judicial redress in the future will leave Court without jurisdiction to entertain the claim for relief. See <u>id.</u>

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McLendon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 8th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE